■ In the Matter of LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL No. 210, Appellant, v CLARK MATERIAL HANDLING, INC., Respondent.—Order unanimously reversed on the law without costs and matter remitted to Supreme Court, Erie County, for further proceedings, in accordance with the following memorandum: Special Term erred in its conclusion that an arbitration provision in a collective bargaining agreement was invalid because it gave the union the unilateral right to arbitrate at its option. In the context of Federal labor law, the fact that the arbitration provisions of the collective bargaining agreement may be invoked only by the union does not, of itself, render the arbitration agreement

void for lack of mutuality of obligation *(see, Atkinson v Sinclair Ref. Co.,* 370 US 238, 243). The cases relied upon by Special Term involve principles of commercial arbitration law not applicable to the present case. The fact that the union reserved to itself the right to strike as well as to submit a dispute to arbitration does not render the agreement to arbitrate invalid *(see, Gateway Coal Co. v Mine Workers,* 414 US 368, 382).

Although the arbitration agreement is not invalid as a matter of law, we cannot on this record determine whether a valid collective bargaining agreement is in effect between these parties. In support of its motion to vacate the arbitrator's award, the employer submitted affidavits of its president and of its employees who averred that the union knew that only the president of the company could bind the company and that the employees who signed the agreement had no such authority. Moreover, the signatories to the agreement on the employer's behalf stated that the union officials waited until the president was out of town, then demanded that the agreement be signed or the union would refuse to work. Because the affidavits raise a factual question concerning the validity of the agreement, we remit the matter for a hearing at which time the circumstances surrounding the execution of the agreement should be explored and a determination made concerning the validity of the agreement. (Appeal from order of Supreme Court, Erie County, Ostrowski, J.—arbitration.) Present—Dillon, P. J., Doerr, Green, Pine and Balio, JJ.